

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,                    )
                                      )
         Plaintiff-Respondent, )
                                      )
    vs.                            )      No. SD32427
                                      )
SHELBY A. GAY,                        )      **Filed:  March 28, 2014**
                                      )
        Defendant-Appellant. )


### APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable Timothy W. Perigo, Circuit Judge

**<u>AFFIRMED</u>**

Shelby A. Gay ("Appellant") was convicted after a jury trial of robbery in the first degree, armed criminal action, and felonious restraint.  In her sole point relied on, she claims the State presented insufficient evidence to support the charge of felonious restraint.  We disagree and affirm the conviction.

A brief review of the facts necessary to Appellant's point is necessary.  The victim was seventy-one years old and living alone.  He spent time in an internet chat room visiting with several people.  One of the people, a young woman with whom he had been chatting, asked if she could come to visit with him and hang out with him for a while.  When she arrived, she had

Appellant with her. The three visited for some time before Appellant went out to smoke a cigarette. Shortly after her return to the house, a man rang the bell. Appellant identified him and said he needed to use the bathroom. After his return from the bathroom, Appellant reached into her bag, pulled out a .22 caliber revolver, and the two women positioned themselves between the victim and the door to the outside while the male could be heard going through the drawers and opening and closing doors. The male returned to the living room waving the victim's own gun before putting it in his waist band.

Appellant at some point pulled out a roll of orange duct tape and directed the young woman and the man to tape the victim's feet together and bind his hands behind his back. The victim convinced them to bind his hands in the front because he was "claustrophobic" and had a "heart condition." In their effort to claim a defense that the victim had attempted to rape the young woman, Appellant demanded a blood sample to put on a pair of panties. The victim told them he was a diabetic and asked that they use the lancets that he used to prick his fingers to test his blood sugar. They then dragged him to the back bedroom, wrapped a cord from an iron around his hands and tossed a blanket over his head and body. It was clear to the victim that Appellant was in charge. The victim testified that he might have died if he was not able to get loose because of his high blood sugar and heart condition.

Appellant claims that there was insufficient evidence to support the count of felonious restraint. "A person commits the crime of felonious restraint if he knowingly restrains another unlawfully and without consent so as to interfere substantially with his liberty and *exposes him to a substantial risk of serious physical injury*." Section 565.120.1 (emphasis added).[1] The only element challenged by Appellant is that Appellant knowingly exposed the victim to a substantial

---

[1] All references to statutes are to RSMo 2000, unless otherwise specified.

risk of serious physical injury.  The key to this analysis is not that the victim must receive a serious physical injury, but that the victim was knowingly exposed by Appellant to a substantial *risk* of serious physical injury.

While it is certainly possible that the actions of binding one's hands and feet, wrapping a cord around their wrists, and throwing a blanket over their head would constitute felonious restraint, in this case we have the added evidence that supports the conviction.  Appellant had direct knowledge from the victim that he was seventy-one years old, that he had a heart condition, that he was diabetic, and that he was claustrophobic.  The list of possible serious physical injuries was quite obvious.  The jury could have reasonably found that Appellant knowingly exposed the victim to a substantial risk of serious physical injury (i.e., "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body" pursuant to section 556.061(28), RSMo Cum. Supp. 2008) because she restrained the victim with the threat of a weapon, interfered substantially with his liberty by binding him, and refused to allow him to leave the home.  Appellant's point is denied.

The judgment is affirmed.


Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., C.J. – Concurs

3